IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

COURTNEY JERRELL DOUGLAS                                        PETITIONER

v.                                   Case No. 1:19-cv-01061

DEXTER PAYNE, Director,                                          RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Courtney Jerrell Douglas ("Douglas").  On December 11, 2019, Douglas filed

the current *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.

Respondent Payne filed a response on February 18, 2020.  ECF No. 8.  Douglas then filed a reply.

ECF No. 9.  This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations

for the disposition of the case.  The Court has reviewed the Petition, Response, Reply, and all

exhibits submitted and finds this Petition should be **DENIED.**

## A.    Procedural Background:[1]

Douglas is an inmate incarcerated at the Cummins Unit in the Arkansas Department of

Correction ("ADC") in Grady, Arkansas.  After a jury trial in circuit court in Union County,

Arkansas, Douglas was convicted of first-degree murder and being a felon in possession of a

firearm.[2]  Douglas was sentenced as a habitual offender and received a term of life imprisonment

for the first-degree murder conviction with a consecutive 15-year enhancement for using a firearm

---

[1] The procedural background is taken from the Petition, Response, Reply, all the attached exhibits, and
matters of public record regarding this case.

[2] Douglas's probation was also revoked on three controlled substance counts in Union County case
number CR-2011-661.  He was sentenced to a total of 50 years of imprisonment for those revocations,
which were to run consecutively with his convictions for murder and felon in possession.  However, it
does not appear that he challenges the revocations in the instant Petition; thus, the Court will not address
them here.

to commit the murder.  For being a felon in possession of a firearm, he was sentenced as a habitual offender and received a term of 40 years of imprisonment to run consecutively with the first-degree murder and enhancement sentences as well as a $15,000.00 fine

Douglas then moved for a new trial.  With this Motion, Douglas claimed his "First Amendment and Sixth Amendment rights to a public trial . . . [were violated] when a number of his relatives and friends were excluded from attendance at trial during the jury selection process on the first day of trial[.]"  The State responded, and the circuit court held a hearing.  Subsequent to the hearing, the circuit court denied Douglas's motion for new trial.  The circuit court held there was "freedom of access to the courtroom[,]" and that it found the State's witnesses were more credible than the defense witnesses.

Douglas filed a direct appeal.  Douglas argued the trial court erred by denying his motion for new trial because court security barred members of his family from the courtroom during *voir dire* and by denying his request to instruct the jury on manslaughter and justification.  The Arkansas Supreme Court affirmed Douglas's convictions.  *See Douglas v. State,* 2017 Ark. 70, 511 S.W.3d 852 (2017).

Thereafter, on May 8, 2017, Douglas filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.  In this petition, Douglas argued his trial counsel was ineffective for failing to present the proper jury instructions on justification and "extreme emotional disturbance" manslaughter.  This petition was denied.  The circuit court ruled that because the facts showed Douglas armed himself, went to the victim's home to confront him, and then shot the victim multiple times, there was no rational basis for giving such an instruction.

Douglas appealed that denial to the Arkansas Supreme Court.  On March 15, 2018, the Arkansas Supreme Court issued an opinion affirming the circuit court's denial of Douglas's claim

of ineffective assistance of counsel as to the justification instruction. *See Douglas v. State,* 2018 Ark. 89, at 5-9, 540 S.W.3d 685, 688-691 (2018). In a later opinion, the Arkansas Supreme Court also affirmed the circuit court's denial of Douglas's claim of ineffective assistance of counsel as to the "extreme emotional disturbance" manslaughter instruction. *See Douglas v. State,* 2019 Ark. 57, 567 S.W.3d 483 (2019).

On December 11, 2019, Douglas timely filed the current *pro se* Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Payne filed a response on February 18, 2020. ECF No. 8. Douglas then filed a reply. ECF No. 9. This is the matter currently before this Court, and it is ripe for consideration.

**B.    Instant Motion**:

Douglas raises five claims in his *pro se* Petition:

1. He was denied his Sixth Amendment right to a public trial when his family members were excluded during *voir dire*;

2. Officers of the Union County Circuit Court improperly destroyed video evidence;

3. His counsel was ineffective because his counsel failed "to seek forensic analysis to retrieve the video record;"

4. His counsel was ineffective because he did not request the appropriate affirmative defense instruction be given; and

5. There was insufficient evidence to convict him of first-degree murder because the deadly force was justified.

Respondent has addressed each of these issues and claims Douglas is not entitled to relief on any of these claims. ECF No. 8.

**C.    Applicable Law:**

Douglas seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained

by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013). A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

**D.**     **Discussion**:

The Court will address each of Douglas's five claims.

**1. Exclusion During *Voir Dire***

Douglas claims his convictions should be vacated, and his case should be remanded for a new trial because he was denied the right to a public trial. ECF No. 1 at 4-9. Specifically, Douglas

claims his family was excluded during *voir dire* by a court security officer, and this exclusion denied him of a right to a public trial as protected under the Sixth Amendment.  *Id.*

As a part of his direct appeal, Douglas raised this issue.  *See Douglas,* 2017 Ark. 70, 511 S.W.3d 852.   The Arkansas Supreme Court thoroughly addressed this issue and found the following:

> Here, the circuit court, after hearing the testimony of Douglas's family members and court security, and after reviewing video surveillance from inside the courtroom, concluded that there was no closure, not even a *de minimus* one. A circuit court's finding of fact will not be reversed unless clearly erroneous. *Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002). The court affirmatively stated that it did not close the courtroom, and there is nothing in the record to suggest otherwise. Some family members claimed court security kept them from entering the courtroom. However, the court found the testimony of the family members was "without credibility," stating their version of events was "just not believable." In its written order, the circuit court further stated that court security "did not prevent the public or defendant's family or friends from access to and/or entry into the courtroom during the voir dire/jury selection process." Accordingly, the circuit court's findings were based primarily on its assessment of the credibility of the witnesses. As the circuit court is in a superior position to evaluate the credibility of the witnesses, we defer to its assessment of the witnesses' testimony. *See Johnson v. State*, 2015 Ark. 387, 472 S.W.3d 486. Because the court's finding that the courtroom was not closed is not clearly erroneous, we hold that the circuit court did not abuse its discretion in denying Douglas's motion for new trial.

*See Douglas,* 2017 Ark. 70, at *3-4, 511 S.W.3d at 854-55.

Thus, this claim was decided on the merits in state court, and the state court's decision is entitled to deference.  *See* 28 U.S.C. § 2254(d).  The Court can only disrupt such a determination where it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.*

In the present action, Douglas claims in his reply brief that his counsel was ineffective in presenting this issue to the trial court; as such, he is still entitled to relief despite the fact this claim

was adjudicated in the Arkansas state courts.  ECF No. 9 at 2-3.  The problem with this argument is that his trial counsel raised this issue and moved for a new trial on this basis.  The circuit court even held a hearing addressing this very issue, and the circuit court chose to believe the State's witnesses over Douglas's witnesses.  Douglas has not demonstrated how his counsel was ineffective in presenting this argument at the circuit court level.  Thus, the Court cannot consider this issue because it was fully presented and adjudicated and decided by the Arkansas state courts, and Douglas has presented no basis for an exception to this rule.  This claim should be denied.

### 2.  Alleged Misconduct

Douglas claims he is entitled to relief because the "officers of the Court" where he was convicted were responsible for "destroying evidence."  ECF No. 1 at 9-10.  In making this claim, Douglas again claims his family was wrongfully excluded during *voir dire;* however, with this claim, he goes even further and alleges that not only the circuit court wrongfully excluded his family members but also that they *intentionally* destroyed evidence demonstrating such an exclusion.  *Id.*

Apart from his speculation on this matter, Douglas has provided no basis for such a claim.  Furthermore, this precise issue claiming that evidence was destroyed was not raised in the Arkansas state courts.  Thus, because Douglas did not raise this issue in Arkansas state court, he has procedurally defaulted on his claim, and this Court cannot consider it.  *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991) (recognizing "This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

To excuse his procedural default, Douglas argues an exception applies under the Supreme Court's decisions in *Trevino v. Thaler,* 569 U.S. 413 (2013) and *Martinez v. Ryan,* 566 U.S. 1

6

(2012). In general terms, the Supreme Court recognized in those cases that if trial counsel is ineffective, a defendant should not be penalized for his trial counsel's procedural default. In considering this issue, the first question to address is whether the defendant's trial counsel was ineffective. To consider this issue, the Court must apply the standard from *Strickland v. Washington,* 466 U.S. 668 (1984). In order to prevail on a claim for ineffective assistance of counsel, Douglas must show his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The burden of proving ineffective assistance of counsel is on the defendant. *See United States v. Cronic,* 466 U.S. 648, 658 (1984).

In the present action, Douglas's trial counsel did raise the issue of Douglas's family allegedly being excluded from the courtroom. Douglas's trial counsel did not go so far as to allege the court destroyed evidence demonstrating his family was excluded; however, without compelling evidence to support such a serious allegation, this Court cannot find his trial counsel was ineffective for failing to raise this issue. Thus, despite Douglas's claim on this issue, this Court cannot find this procedural default can be excused. This claim should be denied.

### 3. Forensic Analysis of Video Recording

Douglas claims he is entitled to relief because his "post trial counsel" failed "to seek forensic analysis to retrieve the video recording." ECF No. 1 at 11. The video recording in question is from the outside the courtroom, and Douglas claims such a video would demonstrate his family was wrongfully excluded during *voir dire. Id.* As with his second argument, Douglas did not present this precise issue in the Arkansas state courts. Thus, as with the second issue, Douglas has procedurally defaulted on this issue unless an exception applies. Again, to excuse his procedural default, Douglas claims his counsel was ineffective for failing to raise this claim.

However, as with the second issue, Douglas has not demonstrated his counsel was ineffective in failing to raise this claim. Thus, there is no basis for finding this default should be excused. The claim should be denied.

### 4. Affirmative Defense Instruction

Douglas claims his trial counsel was ineffective because his counsel "did not request an affirmative defense instruction." ECF No. 1 at 11-12. This issue was adjudicated by the Arkansas state courts, and it is entitled to deference. *See* 28 U.S.C. § 2254(d). Again, Douglas claims his trial counsel's ineffectiveness in representing him in Arkansas state court should allow his claim to proceed in federal court. Thus, the Court will again revisit the two-part *Strickland* standard.[3]

Under the Supreme Court's precedent, in order to demonstrate he was prejudiced by his counsel's alleged ineffectiveness and failure to submit this jury instruction (second prong of the *Strickland* standard), Douglas has to establish it was reasonably likely that the instruction would have made a difference in the outcome of the trial in light of all the other evidence of guilt. *See Berghuis v. Thompkins,* 560 U.S. 370, 390 (2010). In the present action, apart from his claim on the matter, Douglas has not presented any demonstration that this instruction would have changed the outcome of his case.

Indeed, the Arkansas Supreme Court addressed this precise issue and found as follows:

> A person may not use deadly physical force in self-defense if he knows that he can avoid the necessity of using that force with complete safety by retreating. *See* Ark. Code Ann. § 5–2–607(b)(1). Additionally, this defense is not applicable when one arms himself and goes to a place in anticipation that another will attack him. *Girtman v. State*, 285 Ark. 13, 684 S.W.2d 806 (1985). One who claims self-defense must show not only that the person killed was the aggressor, but also that the accused used all reasonable means within his power and consistent with his

---

[3] To give Douglas the benefit of the doubt, the Court will assume a *Strickland* violation would provide him with relief and allow this claim to go forward in this Court. Under Supreme Court precedent, that likely is not true. *See Harrington v. Richter,* 562 U.S. 86, 101-02 (2011) (recognizing the AEDPA bar is a high one and requires more than a *Strickland* violation when a claim was previously adjudicated in state court).

safety to avoid the killing. *Ricketts v. State*, 292 Ark. 256, 729 S.W.2d 400 (1987) (citing *Martin v. State*, 290 Ark. 293, 718 S.W.2d 938 (1986)).

> *Here, as found by the circuit court, despite trial counsel's failure to proffer AMI Crim. 2d 705, there was no rational basis for giving this instruction.* The record demonstrates that Douglas and Billings [the victim] got into a dispute at Douglas's home. After the argument, Billings returned to his home. After the initial confrontation had fully concluded, Douglas retrieved a handgun and traveled to Billings's home with the firearm. As noted above, Arkansas Code Annotated section 5–2–607(b)(1) prohibits one from using deadly physical force in self-defense if he knows he can avoid the necessity of using deadly force with complete safety by retreating. Although Billings might have been the initial aggressor, the record is clear that the initial dispute had fully concluded, with Billings leaving the scene and returning to his home. However, Douglas, with a firearm in tow, initiated the second encounter at Billings's home. Further, Billings attempted to flee from Douglas by running back into the house. Accordingly, Douglas could not rationally argue that the use of deadly force was necessary to protect himself. In light of all the other evidence of Douglas's guilt, pursuant to *Sims*, Douglas has failed to establish that it was reasonably likely that the AMI Crim. 2d 705 instruction would have made any difference in the outcome of his trial. Thus, because Douglas has failed to prove either *Strickland* prong, he has failed to establish a claim for ineffectiveness of counsel on this point. In sum, we hold that the circuit court's decision was not clearly erroneous, and we affirm.

*Douglas v. State,* 2018 Ark. 89, at *8-9, 540 S.W.3d 685, 690-91 (2018) (emphasis added). Thus, the Court finds Douglas has not presented sufficient evidence under the standard in *Strickland* to demonstrate his counsel was ineffective such that this Court could consider this issue. This claim should be denied.

### 5. First Degree Murder Conviction

Douglas claims the facts in this case are insufficient to support a first-degree murder conviction because he was allegedly being assaulted by the victim when the victim was shot. ECF No. 1 at 14-16. Douglas did not raise this claim in Arkansas state court. Thus, again, Douglas has procedurally defaulted on this claim, and the Court is without jurisdiction to hear this claim absent some exception. *See* 28 U.S.C. § 2254(d). Douglas has offered no excuse for this default, and the Court finds none. This claim should be denied.

**E.**     <u>**Conclusion**</u>:

Based upon the foregoing, the Court recommends Douglas's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** in its entirety.  Likewise, the Court finds these allegations fail to state a claim upon which *habeas* relief can be granted, and no evidentiary hearing is required. *See Brown v. Lockhart,* 781 F.2d 654, 656 (8th Cir. 1986).  The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **28th day of August 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE